Zheng v. Holder

BIA
Schoppert, IJ
A087 438 732

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand thirteen.

PRESENT:
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

CHUN QI ZHENG,
> *Petitioner,*

    v.                      12-550
                              NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Ai Tong, New York, New York.

FOR RESPONDENT:      Stuart Delery, Acting Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel; Benjamin J. Zeitlin, Trial Attorney,; Erin Griffith, Law Clerk, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Chun Qi Zheng, a native and citizen of China, seeks review of a January 25, 2012, decision of the BIA affirming the August 11, 2010, decision of Immigration Judge ("IJ") Douglas Schoppert, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chun Qi Zheng*, No. A087 438 732 (B.I.A. Jan. 25, 2012), *aff'g* No. A087 438 732 (Immig. Ct. N.Y. City Aug. 10, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We conclude that substantial evidence supports the agency's finding that Zheng's testimony was not credible,

based on inconsistencies between his statements in an asylum interview and his testimony at the March 2010 merits hearing.  The agency properly considered the totality of the circumstances and determined that the inconsistencies rendered Zheng's testimony incredible.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 (2d Cir. 2008) (*per curiam*).

Zheng was given the opportunity to explain the inconsistencies, and the agency was not compelled to accept his explanations – chiefly, that he was nervous at the asylum interview.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).  Moreover, the agency reasonably relied upon the record of the asylum interview, which consisted of a type-written account of the questions posed and Zheng's answers.  The asylum interview occurred after Zheng had submitted his application, and he provided his own interpreter.  Under these circumstances, the record of the interview was reliable.  *See Diallo v. Gonzales*, 445 F.3d 624, 631-32 (2d Cir. 2006); *see also Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 180-81 (2d Cir. 2004).

To the extent Zheng argues that the agency violated his right to due process by not considering his corroborating evidence, the claim is without merit. The record establishes that the IJ did review the evidence and acted within his discretion in affording it little weight. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). The IJ's refusal to credit unauthenticated documents was not error, where Zheng's testimony was otherwise not credible. *See Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 78 (2d Cir. 2004), overruled on other grounds by *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007).

Finally, because Zheng's withholding of removal and CAT claims depend on the same factual predicate as the asylum claim, the adverse credibility determination also is dispositive of those forms of relief from removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

4

this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk